*T. E. Moss, for appellant.*

---

THOMAS SAPP, ET AL., *v.* COMMONWEALTH.

**Criminal Law—Arrest of Judgment.**

When an indictment states facts constituting a public offense within the jurisdiction of the court, however defective or irregular the indictment may be, a motion in arrest of judgment should be overruled.

**Conspiracy.**

If two or more persons act pursuant to an understanding between them to accomplish a common design to shoot, or even to engage in a rencounter with another, then each is responsible for what the other did in furtherance of the common object.

**Instructions.**

Mere omissions to give the whole law in instructions in the record might be presumed to have been cured by missing instructions; but when those in the record are necessarily inconsistent with the law of the case the cause will be reversed because the instructions were inconsistent with each other.

APPEAL FROM MARION CIRCUIT COURT.

January 5, 1876.

OPINION BY JUDGE COFER:

The indictment states facts constituting a public offense within the jurisdiction of the Marion Circuit Court, and however defective or irregular the indictment may be, the judgment could not have been properly arrested. Sec. 271, Criminal Code.

In the second instruction given, the jury were told that if either Martin or Sapp brought on the difficulty, or voluntarily engaged in it, they could not rely upon self-defense as an excuse for the shooting, unless at the time they did the shooting they had abandoned the idea of engaging in it, and in good faith had withdrawn from it. This deprived both of the right of self-defense if either brought on the difficulty, or voluntarily entered into it, unless both had in good faith withdrawn. No question as to whether the defendants had conspired together or were acting in concert was submitted to the jury, and the court had no right to assume that they were, and thereby hold each liable for the conduct of the other. If they acted pursuant to an understanding between them to accomplish a common design to shoot, or even to engage in a rencounter with Newcombe, then each would be responsible for what the other did in furtherance of the common object; but unless such was the fact, each was responsible alone for his own conduct, and could only lose his right to act in defense of his own person if he brought on the difficulty or voluntarily entered into it; and if he did either, he might regain the right to defend himself if he in good faith withdrew, although the other may not have done so. The court also erred in this instruction in assuming that the defendants did the shooting.

Instructions 3, 4 and 5, given by the court, are not copied in the record, although made part of the bill of exceptions; and it is insisted that we must presume they were correct and that they cured any error in the instructions given. The second instruction cannot be presumed to have been withdrawn by those afterwards given and which are missing from the second, and it is not perceived how the errors in that instruction could have been otherwise cured. If the missing instructions corrected the errors to which we have adverted, they were necessarily inconsistent with the second; and this of itself would be sufficient ground for a reversal of the judgment. Mere omission to give the whole law might be presumed

to have been cured by missing instructions, but when the instructions which appear in the record are necessarily inconsistent with the law of the case, if we presume the missing instructions were correct, we are still bound to reverse because the instructions were inconsistent with each other.

The judgment is, therefore, *reversed,* and the cause is remanded for further proceedings.

*C. S. Hill, for appellants. T. E. Moss, for appellee.*